# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIANNA RICHARDSON,<br><br>    Plaintiff,<br><br>        v.<br><br>THROOP BOROUGH POLICE DEPARTMENT,<br><br>    Defendant. | CIVIL ACTION NO. 3:11-cv-1996<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Plaintiff Brianna Richardson's amended Motion for Leave to Amend the Civil Action Complaint. (Doc. 21.) Because I find that amendment is not necessarily futile, I will grant Richardson's motion to amend.

## BACKGROUND

On October 26, 2011, Plaintiff Brianna Richardson filed her Civil Action Complaint (Doc. 1) alleging unlawful gender discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. § 951 *et seq.* On May 14, 2012, Defendant Throop Borough Police Department filed a motion to dismiss primarily addressing the timeliness of Richardson's charges. (Doc. 14.) Richardson did not file a brief in opposition to the motion to dismiss, but has instead filed an amended Motion for Leave to Amend the Civil Action Complaint. (Doc. 21.) This motion is now ripe for the Court's review.

## ANALYSIS

The Defendant moves to dismiss on the basis that Richardson has failed to exhaust her administrative remedies because more than three-hundred days elapsed between the

time of the alleged unlawful employment practice and her filing with the Equal Employment Opportunity Commission ("EEOC").  42 U.S.C. § 2000e-5(e)(1); *Noel v. The Boeing Co.*, 622 F.3d 266, 270 (3d Cir. 2010), *as amended* (Oct. 18, 2010) ("Before filing a claim in federal court, a Title VII plaintiff in Pennsylvania must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice.").

Apparently acknowledging this infirmity, Richardson now seeks to amend so that instead of alleging that she filed a timely written charge of discrimination with the EEOC on July 27, 2009, she now alleges that she "dual-filed" her Pennsylvania Human Relations Commission ("PHRC") filing with the EEOC on or about May 16, 2009.  (Proposed Am. Compl. at ¶ 13(a).)  This change is notable as it reduces the period between the alleged charge and the allegedly discriminatory employment practice to 288 days, thus meeting the statute of limitations.  The Defendant contests this change as: (1) this new claim is unsupported by evidence; and (2) the form submitted to the PHRC is not a "charge" as required by Title VII.

Leave to amend is set out in Federal Rule of Civil Procedure 15(a), which states that a "court should freely give leave when justice so requires."  However, in accordance with this Rule, "futility of amendment is a sufficient basis to deny leave to amend."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010).  Such futility exists where "the complaint, as amended, would fail to state a claim upon which relief could be granted.'"  *Id.*

Defendant's first argument will be summarily rejected since evidence is not yet required to substantiate these claims.  In arguing that "bald assertions" are insufficient to "defeat summary judgment" (Def.'s Br. In Opp'n at 2, Doc. 23), the Defendant seems to

have gotten ahead of itself. While it is possible that Richardson will ultimately unable to substantiate her allegations, at this stage they are all that is required. *See* Fed. R. Civ. P. 8 (requiring merely "a short and plain statement of the claim showing that the pleader is entitled to relief").

Defendant's second objection is more substantial. In *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008), the Supreme Court held that a questionnaire may only serve as a charge where it meets the EEOC's regulatory definition of a "charge"[1] and can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."[2] This standard represents the Court's attempt to "separate information requests from enforcement requests." *Id.* at 401. Following *Holowecki*, courts have struggled to determine exactly when an intake questionnaire is sufficient as such a charge, but generally do so on a case-by-case basis. *See e.g. Hayes v. Delaware State Univ.*, 726 F. Supp. 2d 441, 453 (D. Del. 2010) (finding deficient an intake questionnaire which specifically noted it did *not* constitute a filing of a charge); *Wood v. Kaplan Properties, Inc.*, CIV.A.09-1941JLL, 2009 WL 3230267, at *4 (D.N.J. Sept. 29, 2009) (holding that, although there was no affirmative request, a "detailed account of [the] former employer's alleged discriminatory acts would lead a reasonable mind to interpret such statements as a plea for

---

[1] The EEOC's regulatory definition states that "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).

[2] As an Age Discrimination in Employment Act case, *Holowecki* specifically warned against its application to other EEOC contexts. 552 U.S. at 393. Nevertheless, federal courts have found Holowecki applicable to the Title VII context. *See Colbert v. Mercy Behavioral Health*, 845 F. Supp. 2d 633, 635 n.1 (W.D. Pa. 2012); *Mandel v. M & Q Packaging Corp.*, 3:09-CV-0042, 2011 WL 3031264, at *8 (M.D. Pa. July 25, 2011) (listing cases).

the EEOC to investigate and begin its remedial process by taking agency action."); *Mandel v. M & Q Packaging Corp.*, 3:09-CV-0042, 2011 WL 3031264 (M.D. Pa. July 25, 2011) (Caputo, J.) (ruling that an intake questionnaire checking a box stating "I want to file a charge" was sufficiently a charge).

In the instant action, such a determination is not yet possible. The proposed amended complaint merely states that Richardson filed a discharge questionnaire with the PHRC which was "then dual-filed with the EEOC on or about May 16, 2009." (Proposed Am. Compl. at ¶ 13(a).) While reserving judgment as to whether this particular questionnaire would alone satisfy the requirements set out in *Holowecki*, this analysis is further complicated by the very presentation of the questionnaire to the EEOC. As an attorney letter alone can be sufficient to trigger *Holowecki*, the manner in which Richardson's questionnaire was presented to the EEOC may be additionally relevant. *See Steiner v. Prof'l Services Indus., Inc.*, CIV.A. 08-723, 2009 WL 2950755, at *2 (W.D. Pa. Sept. 9, 2009) (Hay, M.J.) (determining that an attorney letter can suffice as an EEOC charge). In short, the Defendant is incorrect to conclude today that Richardson necessarily "cannot establish that she filed any documents with the EEOC within the 300-day limitations period." (Def.'s Br. in Opp'n at 9, Doc. 23.) Therefore, as there are no facts before the Court indicating that this questionnaire is patently insufficient, I cannot find that leave to amend would be futile and Richardson's motion to amend the complaint will be granted.

## **CONCLUSION**

Because I find that leave to amend would not be futile, Richardson's Motion for Leave to Amend the Civil Action Complaint (Doc. 21) will be granted. The clerk of court will

be directed to file plaintiff's amended complaint and the pending motion to dismiss the original complaint will be denied as moot.  An appropriate order follows.


 August 17, 2012                                     /s/ A. Richard Caputo
Date                                                               A. Richard Caputo
                                                                       United States District Judge